**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEUROLOGICAL SURGERY PRACTICE OF LONG ISLAND, PLLC,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and CONNECTICUT GENERAL LIFE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 2:26-cv-02539-SJB-ARL<br><br>*Document electronically filed* |

**DEFENDANTS CIGNA HEALTH AND LIFE INSURANCE COMPANY AND CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company (collectively "Cigna") respectfully file this Notice of Supplemental Authority to bring to the Court's attention three recent decisions that directly support Cigna's May 29, 2026 letter requesting a pre-motion conference on Cigna's anticipated Motion to Dismiss. [ECF No. 18.]

*First*, on September 17, 2026, the United States Court of Appeals for the Second Circuit issued a decision in *E. Coast Advanced Plastic Surgery, LLC v. Cigna Health and Life Insurance Co.*, No. 25-2204, 2026 WL 2751786 (2d Cir. Sept. 17, 2026) that is dispositive of the issues raised in Plaintiff Neurological Surgery Practice of Long Island, PLLC's Complaint. A copy of the Second Circuit's decision is attached hereto as **Exhibit A**. The Second Circuit held that "the text and structure of the [No Surprises Act ("NSA")] make clear that it does not provide a private right of action to enforce payment awards obtained through the NSA's [Independent Dispute

Resolution] process." *Id*. at *1.

*Second*, in *Jeffrey Farkas, M.D., LLC v. Aetna Life Ins. Co.*, the United States District Court for the Eastern District of New York concluded, among other things, that the election-of-remedies doctrine bars a plaintiff from suing to enforce IDR determinations. No. 26-CV-4774 (BMC), 2026 WL 2588381, at *2-3 (E.D.N.Y. Sept. 2, 2026). Specifically, the court held that once a plaintiff voluntarily elects to enter IDR, it waives any right to enforce IDR determination in federal court. As the court explained, "[t]he election of remedies doctrine generally prevents a party that has chosen to assert one of two inconsistent rights from later seeking to vindicate the alternative right." *Id*. at *2 (citation modified). A copy of the United States District Court for the Eastern District of New York's decision is attached hereto as **Exhibit B**.

*Third*, the United States District Court for the Eastern District of New York recently held that, because the NSA provides no private right of action, a provider that has pursued the NSA's IDR process may not circumvent that limitation by repackaging its effort to enforce an IDR award as state-law claims. *Jefferson Medical Surgery, P.C. v. United Healthcare Insurance Company*, No. 2:26-cv-1798-NJC-JMW, 2026 U.S. Dist. LEXIS 211493, at *13-14 (E.D.N.Y. Sept. 17, 2026). Accordingly, the Court recommended dismissal of the provider's state-law claims because the NSA precluded their use as alternative means of enforcing the IDR awards. *Id.* at *17. A copy of the United States District Court for the Eastern District of New York's decision is attached hereto as **Exhibit C**.

Cigna respectfully submits this Notice of Supplemental Authority in further support of its Pre-Motion Letter to Dismiss Plaintiff's Complaint (ECF No. 18). For the reasons articulated by the Second Circuit in *East Coast* and *Jefferson Medical*, Cigna respectfully submits that this Court should grant its request to dismiss Plaintiff's complaint.

Dated: September 29, 2026
Newark, New Jersey


s/ Genna A. Conti

Caroline E. Oks
Genna A. Conti
Magnolia S. Joodi
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
coks@fbtgibbons.com
gconti@fbtgibbons.com
mjoodi@fbtgibbons.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*